**SO ORDERED.**

**SIGNED this 5 day of August, 2014.**



_____
**James P. Smith
United States Bankruptcy Judge**

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| In the Matter of: | : | Chapter 7 |
| | : | |
| TRENT V. HARRIS, | : | |
|         Debtor | : | Case No. 13-53254-JPS |
| | : | |
| TRENT V. HARRIS, | : | |
| | : | |
|         Plaintiff | : | |
| | : | |
| vs. | : | Adversary Proceeding |
| | : | No. 14-5019 |
| LENDMARK FINANCIAL SERVICES, | : | |
| LLC, aka LENDMARK FINANCIAL | : | |
| SERVICES, INC., | : | |
|         Defendant | : | |

APPEARANCE:

    For Plaintiff/Debtor:    Robert M. Matson
                                               P. O. Box 1773
                                               Macon, Georgia 31202

    For Defendant:    Daniel L. Wilder
                                                 544 Mulberry Street, Suite 800
                                               Macon, Georgia 31201

## **MEMORANDUM OPINION**

Before the Court is Plaintiff's motion for summary judgment in which Plaintiff seeks to avoid as preferential transfers certain funds held by Defendant. The Court, having considered the record and the applicable law, now publishes this memorandum opinion.

"A motion for summary judgment should be granted when 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.' Fed.R.Civ.P. 56(c). . . *Celotex Corp. v. Catrett*, 477 U.S. 371, 322, 106 S.Ct. 2548, 91 L.Ed. 2d 265 (1986); *see also Morisky v. Broward County*, 80 F.3d 445, 447 (11th Cir. 1996). On a summary judgment motion, the record and all reasonable inferences that can be drawn from it must be viewed in the light most favorable to the non-moving party. *See Cast Steel*, 347 F.3d at 1301." *Midrash Sephardi, Inc., v. Town of Surfside*, 366 F.3d 1214, 1223 (11th Cir. 2004), *cert. denied* 543 U.S. 1146, 125 S.Ct. 1295, 161 L.Ed.2d 106 (2005).

Although Rule 56 was completely rewritten in 2010, no change was made to the summary judgment standard itself or to the burdens imposed on movants and opponents. Wright, Miller & Kane, 10A *Federal Practice and Procedure*, Text of Rule 56, n.6 (Supp. 2014).

## **FACTS**

The following facts are not in dispute. On September 4, 2012, Lendmark

Financial Services, LLC ("Lendmark") obtained a judgment for $10,778.60 against Debtor in the Magistrate Court of Bibb County, Georgia. On June 28, 2013, Lendmark filed an Affidavit of Continuing Garnishment which was served on Debtor's employer, Timco Aviation Services ("Timco"). However, Timco failed to file an answer to the garnishment. On September 5, 2013, Lendmark obtained a default judgment for $11,021.60 against Timco in Magistrate Court. Timco did not move to open the default as allowed by law.[1]

Beginning September 6, 2013, through November 22, 2013, Timco withheld amounts from Debtor's paycheck on a weekly basis. The amounts and dates on which the amounts were withheld were as follows:

| Date | Amount |
|---|---|
| 09/06/2013 | $ 114.86 |
| 09/13/2013 | $ 108.56 |
| 09/20/2013 | $ 107.59 |
| 09/27/2013 | $ 107.59 |
| 10/04/2013 | $  99.84 |
| 10/11/2013 | $ 107.21 |
| 10/18/2013 | $ 213.67 |
| 10/25/2013 | $ 107.59 |
| 11/01/2013 | $ 164.88 |
| 11/08/2013 | $ 152.36 |
| 11/15/2013 | $ 190.43 |
| 11/22/2013 | $ 326.67 |
|  | $1,801.25 |

Timco then sent checks to Lendmark on the following dates and for the following amounts:

10/07/2013                    $ 438.60 (the total of the amounts withheld

---

[1] A garnishee in default may obtain relief from the default by paying all costs within 60 days after receiving notice of the entry of default judgment. O.C.G.A. §§ 18-4-115(b) and 18-4-91.

|  |  |
|---|---|
|  | September 6 through September 27, 2013) |
| 10/11/2013 | $   99.84 |
| 10/17/2013 | $ 107.21 |
| 10/21/2013 | $ 213.67 |
| 10/28/2013 | $ 107.59 |
| 11/05/2013 | $ 164.88 |
| 11/13/2013 | $ 152.36 |
| 11/19/2013 | $ 190.43 |
| 11/27/2013 | $ 326.67 |
|  | $1,801.25 |

Lendmark maintained an "Account Detail History" for Debtor, showing the amount of Debtor's debt and the payments thereon. This "Account Detail History" shows that Lendmark applied each of the above listed payments to Debtor's debt. Thus, Lendmark received $1,801.25 within the 90 days prior to Debtor filing his Chapter 7 petition on December 3, 2013.

On Schedule B, Debtor listed as personal property a preference claim against Lendmark for $2,101[2] and claimed the same as exempt property on Schedule C. No objection was filed to the claimed exemption.

In his unopposed affidavit, Debtor testified that during the 90 days prior to his bankruptcy, his assets were never worth more than $17,801 and his debts were more than $68,000.

## **DISCUSSION**

In this adversary proceeding, Debtor seeks to avoid as preferential the transfer of

---

[2] Since Lendmark has already returned $300.40 to Debtor, the amount at issue in this adversary proceeding is $1,801.25. The Court notes that there is a difference of 65 cents between its calculation of the payments received by Lendmark and Debtor's calculation. The Court has used its calculation of $1,801.25.

$1,801.25 and recover the same from Lendmark as the initial transferee.[3] Section 547(b) of the Bankruptcy Code provides:

> Except as provided in subsections (c) and (i) of this section, the trustee may avoid any transfer of <u>an interest of the debtor in property</u>–
> (1) to or for the benefit of a creditor;
> (2) <u>for or on account of an antecedent debt owed by the debtor before such transfer was made</u>;
> (3) made while the debtor was insolvent;
> (4) made–
>     (A) on or within 90 days before the date of the filing of the petition; or
>     (B) between ninety days and one year before the date of the filing of the petition, if such creditor at the time of such transfer was an insider; and
> (5) that enables such creditor to receive more than such creditor would receive if–
>     (A) the case were a case under chapter 7 of this title;
>     (B) the transfer had not been made; and
>     (C) such creditor received payment of such debt to the extent provided by the provisions of this title.

(Emphasis supplied) 11 U.S.C. § 547(b). Debtor has the burden of proving the avoidability of the transfer at issue. 11 U.S.C. § 547(g).

Lendmark does not dispute that (1) it was a creditor of Debtor, (2) Debtor was insolvent, or (3) it received the payments within 90 days before the bankruptcy. 11 U.S.C. § 547(b)(1), (3) and (4). The issues in dispute are whether the funds ($1,801.25) that Lendmark received were (1) transfers of Debtor's property, and (2) on account of an antecedent debt owed by Debtor.

Lendmark argues that once it obtained a default judgment against Timco, the garnishment action was closed and no longer pending, and that Timco had no legal right

---

[3] A debtor may avoid a preferential transfer to the extent the debtor can claim such property as exempt if the trustee does not attempt to avoid the transfer. 11 U.S.C. § 522(h).

to take any funds from Debtor's paychecks pursuant to the garnishment. Lendmark argues that Timco paid the funds directly to Lendmark rather than through the Magistrate Court registry.[4] Lendmark contends this shows that Timco was paying its own default judgment from its own funds, rather than paying on Debtor's debt pursuant to the garnishment.

Assuming, without deciding, that Timco was without legal authority to, and in fact did, withhold funds from Debtor's paychecks, the undisputed facts show that Timco withheld the funds <u>prior</u> to sending the exact same amounts to Lendmark. Thus, Timco was using Debtor's funds, not its own funds, to pay Lendmark. Whether or not that action was proper, or in compliance with the garnishment statutes, is not relevant. Rather, all Debtor must prove pursuant to 11 U.S.C. § 547(b) is that Debtor's property was transferred to a creditor.

The undisputed facts also show that Lendmark applied the amounts received from Timco on Debtor's debt, as shown by its "Account Detail History" for Debtor. There is no evidence that Lendmark applied any of the payments to its judgment against Timco. The Court can only conclude that the funds were applied by Lendmark on an antecedent debt owed by Debtor. Thus, Section 547(b)(2) has been satisfied.

Section 547(b)(5) requires that Debtor prove that the payments that Lendmark received enabled it to receive a greater distribution than it would in a Chapter 7 distribution. The Chapter 7 trustee filed a report on July 7, 2014, stating that the estate

---

[4] O.C.G.A. § 18-4-113(a)(3) requires the garnishee to pay the funds subject to garnishment to the court. The court then sends the garnished funds to the plaintiff. O.C.G.A. § 18-4-89.

had been fully administered and that there was no non-exempt property available for distribution. Thus, but for the challenged payments, Lendmark would have received no distribution in this case. Therefore, Section 547(b)(5) has been met and Debtor has carried his burden of proving the avoidability of the transfer at issue.

Section 550(a)(1) provides that an avoidable preferential transfer can be recovered from the initial transferee of such transfer. 11 U.S.C. § 550(a)(1). Lendmark was the initial recipient of Debtor's funds.

## **CONCLUSION**

Debtor can avoid as preferential the payments in the amount of $1,801.25 and recover the same from Lendmark. An order consistent with this memorandum opinion shall be entered.

* END OF DOCUMENT *